# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMANUEL J. MILLER,<br>    Plaintiff | )<br>)<br>) | C.A. No. 15-238 Erie |
| v | )<br>) | |
| THOMAS MILLER, et al.,<br>    Defendants | )<br>)<br>) | Magistrate Judge Baxter |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

On September 28, 2015, Plaintiff Emmanuel J. Miller, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Defendants Erie County parole officer Thomas Miller ("Miller") and the Erie County District Attorney's Office ("Erie County D.A."). Plaintiff alleges that Defendants violated his due process rights under the fourteenth amendment to the United States Constitution by allegedly causing him to receive an enhanced and illegal sentence on April 28, 2011. In particular, Plaintiff alleges that Defendant Miller included on Plaintiff's Guideline Sentence Form a "fictitious" burglary conviction that enhanced Plaintiff's prior record score and resulted in the issuance of an excessive sentence. Plaintiff contends further that Defendant Erie County D.A. was aware of the error but conspired with

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF

1

Defendant Miller to allow the imposition of an illegal sentence. As relief for his claims, Plaintiff seeks injunctive relief in the form of his immediate release from custody, as well as compensatory and punitive damages.

On March 21, 2016, Defendants filed a motion to dismiss [ECF No. 15], arguing that Plaintiff's claims should be dismissed in their entirety because, *inter alia*, they are barred by the applicable statute of limitations and, alternatively, are barred by the *Rooker-Feldman* doctrine and fail to state a cause of action upon which relief may be granted. In response, Plaintiff has filed a "motion for continuance" [ECF No. 20] that attempts to respond to Defendants' motion. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

---

Nos. 8, 19].

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court

> should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## C. Discussion

### 1. Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for Section

1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's complaint was filed as an attachment to a motion to proceed *in forma pauperis* on September 28, 2015; however, the complaint was apparently signed by Plaintiff on September 22, 2015. (See ECF No. 7, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat September 22, 2015, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998) (in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim arising from an alleged injury or deprivation of which Plaintiff "new or should have known" prior to September 22, 2013, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's complaint, and the exhibits attached thereto, that Plaintiff knew about his alleged injury sometime prior to August 22, 2011, because, on that date, the Erie County Judge Shad Connelly issued an Order upholding Plaintiff's sentence in response to Plaintiff's request to correct the alleged computation error resulting from the inclusion of the alleged "fictitious" burglary conviction. (See ECF No. 7, Complaint, at p. 7). Thus, Plaintiff's claims are barred by the applicable statute of limitations and will be dismissed, accordingly.[2]

An appropriate Order follows.

s/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: November 22, 2016

---

[2] Since Plaintiff's claims are untimely, there is no need to address any of the other arguments raised in Defendants' motion.